YM

**FILED**

**FEBRUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| SARWAR JUNAID,<br>HUMA JUNAID, and<br>SADIA JUNAID,<br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>MICHAEL CHERTOFF, SECRETARY OF U.S.<br>DEPARTMENT OF HOMELAND SECURITY,<br>DONALD FERGUSON, UNITED STATES<br>CITIZENSHIP & IMMIGRATION SERVICE,<br>CHICAGO DISTRICT DIRECTOR, MICHAEL<br>B. MUKASEY, U.S. ATTORNEY GENERAL,<br>AND THE UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **08 C 1098**<br><br>No.<br><br><br><br>**JUDGE NORGLE**<br>**MAGISTRATE JUDGE ASHMAN** |

**COMPLAINT FOR WRIT OF MANDAMUS**

　　　　NOW COMES the Plaintiff, SARWAR JUNAID, HUMA JUNAID, AND SADIA JUNAID, by and through their attorneys, the AzulaySeiden Law Group, and in support of this complaint for Writ of Mandamus, complains as follows:

**STATEMENT OF ACTION**

1.　　This complaint is brought to compel action on a Petition for Alien Relative (I-130) and an Application for Adjustment of Status to that of Lawful Permanent Resident (I-485), both properly filed with the U.S. Citizenship and Immigration Services ("USCIS") at the Nebraska Service Center by the Plaintiff on or about December 13, 2002. Plaintiffs appeared for an interview at the local USCIS office on August 3, 2004. To the Plaintiff's detriment, Defendants have failed to adjudicate the application.

**PARTIES**

2.　　The Plaintiff, SARWAR JUNAID, is a U.S. Citizen and the petitioner on behalf of his wife, HUMA JUNAID, and his daughter, SADIA JUNAID, for

1

their admission to the United States as immediate relatives of a U.S. Citizen,

under section 201(b) of the Immigration and Nationality Act ("INA").

3.    Defendant Michael CHERTOFF ("Chertoff"), the Secretary for the

Department of Homeland Security ("DHS"), is being sued in his official

capacity only. Chertoff is responsible for adjudication of I-130 applications

pursuant to 8 U.S.C. §1225.

4.    Defendant, Michael Mukasey ("Mukasey"), is the Attorney General of the

United States and is being sued in his official capacity only.  Mukasey is

responsible for the adjudication of I-130 applications pursuant to 8 U.S.C.

§1225.

5.    Defendant Donald Ferguson ("Ferguson"), the District Director of Chicago

USCIS, is being sued in his official capacity only. Ferguson is charged with

supervisory authority over all of Chicago USCIS operations and USCIS

agents and officers acting in their official capacity.

## JURISDICTION

6.    This Court has original jurisdiction to hear both civil actions arising under

the laws of the United States and actions to compel an officer or employee

of the United States or any agency thereof to perform a duty. 28 U.S.C.

§1331; 28 U.S.C. §1361. This Court also has jurisdiction to grant declaratory

relief pursuant to 28 U.S.C. §2201-2202.

7.    This action is brought to compel the Defendants, officers of and an agency

of the United States, to perform their duties arising under the laws of the

United States.

8.     This Court has jurisdiction to hear actions arising from claims that an

       agency or officer or employee of a government agency failed to act in its

       official capacity and the person to whom the duty was owed suffered a legal

       wrong. 5 U.S.C. §702.

9.     This action invokes the Plaintiff's right of due process under the Fifth

       Amendment of the United States Constitution, over which this Court retains

       jurisdiction.

10.    This action is brought due to the repeated failure of the Defendants to

       perform their duty to adjudicate the Plaintiff's I-130 application for

       adjustment of status within a reasonable amount of time.  Failure to

       adjudicate said application has resulted in harm to the Plaintiff.

11.    The Illegal Immigration Reform and Immigrant Responsibility Act of 1996

       ("IIRIRA") does not divest this Court of jurisdiction because the Plaintiff is

       not seeking a review of a denial; rather, Plaintiff is seeking to have his Form

       I-130 application adjudicated, which is among the duties Congress has

       conferred upon the Defendants.

12.    Venue lies in this Court pursuant to 28 U.S.C. §1391(e). This is an action

       against officers and agencies of the United States in their capacities,

       brought in the District where a Defendant resides and where a substantial

       part of the events or omissions giving rise to Plaintiff's claim occurred.

13.    Plaintiff's Petition for Alien Relative was properly filed and, to Plaintiff's

       knowledge, remains pending with the USCIS Chicago District Office.

**EXHAUSTION OF REMEDIES**

14.    Plaintiff has exhausted all administrative remedies.  Plaintiffs, both on their

own and through their attorney, have made written and telephonic inquiries

concerning the status of the I-130 and I-485 petitions and Defendants

responded, if at all, with form letters indicating the application is under

"review" at the Chicago District Office of USCIS.

**CAUSE OF ACTION**

15.    Plaintiff Sarwar Junaid is a U.S. Citizen, naturalized on August 14, 2002.

Plaintiffs Huma Junaid and Sadia Junaid entered the United States as B-2

Visitors on March 22, 1994. *Exhibit #1.*

16.    Plaintiff's I-130 Petition was filed on or about December 13, 2002, with the

USCIS Chicago District Office. *Exhibit # 2.*   Plaintiff, a U.S. Citizen, is

petitioning to bring his wife, Huma, and daughter, Sadia, both citizens and

natives of India, to the United States under Section 201(b)(2)(A)(i) of the

INA.

17.    On July 1, 2004, over eighteen months after Petitioner filed his I-130/I-485

Petitions, the USCIS issued an "Appointment Notice" requesting that the

Junaids appear at the local USCIS office for an interview on August 3, 2004.

The Junaids did so appear, and were interviewed by Officer Bradford.

*Exhibit #3.*

18.    Officer Bradford issued a "Request for Evidence" at the time of the

interview, requesting only the marriage certificate of Sarwar and Huma, or

an official document establishing the exact date of the Junaids' marriage.

Plaintiff through counsel responded to this request on September 2, 2004. *Exhibit #4*. Plaintiff did not receive any further notice from the USCIS.

19. On or about October 25, 2004, Plaintiffs hand delivered a follow up letter drafted by counsel to Officer Bradford at the Chicago District Office. No response was received again.

20. On February 9, 2005, Plaintiff through their attorney sent a request to the Chicago District Office to promptly adjudicate Plaintiff's I-130 Petitions and I-485 Applications. Plaintiff's counsel also left a voicemail message with Officer Brinn, who counsel was told had the file since Officer Bradford moved. *Exhibit #5*. No response was received to this inquiry.

21. On November 17, 2005, Plaintiff and counsel appeared in person at the local Chicago District Office to inquire on the status of the case. Plaintiff and counsel were informed that the file had mistakenly been transferred to the Citizenship division, even though Huma and Sadia were not eligible for citizenship.

22. On November 18, 2005, Plaintiff's attorney sent a follow up letter to the Chicago District Office, requesting the file be transferred back from Citizenship. Once again, no response was received from the District Office. *Exhibit #6*.

23. On March 3, 2006, Petitioner's counsel appeared in person at the USICS office in Chicago to make an inquiry. Counsel was informed that the case was then with Yolanda Vera. *Exhibit #7*.

24. On March 17, 2006, Plaintiff's counsel sent a follow up letter to Ms. Vera, requesting immediate adjudication of the petitions. *Exhibit #8*.

25.   On July 17, 2006, Plaintiff's counsel received a letter from Ruth Dorochoff, then District Director of the Chicago District Office, stating that the file was under review at the Chicago District Office, and that if no response was received within 90 days, to follow up again.  *Exhibit #9.*

26.   On December 4, 2006, well over 90 days after Counsel received Defendant Dorochoff's letter, Counsel filed yet another written inquiry with the Chicago District Office regarding the status of the case. *Exhibit #10.*

27.   On October 16, 2007, ten months after the last written inquiry, counsel received a letter from the U.S. Department of Homeland Security's Customer Assistance Office, stating that the case was delayed due to a "required USCIS review" which is still in process. *Exhibit #11.*

28.   To date, four months after the last response was received, no decision has been made nor action taken on the Plaintiff's I-130 application.

29.   Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

   (a)   Plaintiffs, SARWAR JUNAID, HUMA JUNAID, AND SADIA JUNAID, have been living in an uncertain status for over four years as a result of the Defendants' failure to act.

   (b)   Plaintiffs Huma Junaid and Sadia Junaid have been unable to travel outside the country with Plaintiff Sarwar Junaid.

   (c)   Plaintiff Sarwar Junaid has been denied the opportunity to have a final resolution of his petition for his family.

30.   The Defendants' delay in processing of the applications deprived the

Plaintiff of his right to due process under the law as provided by the Fifth

Amendment of the United States Constitution.

31.   The Defendants, in violation of the Administrative Procedure Act, 5 U.S.C.

§701 *et seq.* are unlawfully withholding and unreasonably delaying action

on Plaintiff's application and have subsequently failed to carry out the

adjudicative functions delegated to them by law with regard to the Plaintiff's

case.

## PRAYER

32.   WHEREFORE, Plaintiff requests that this Honorable Court enter an order:

(a)   Requiring Defendants to adjudicate Plaintiff's Petition for Alien
      Relative and Applications for Adjustment of Status to that of a
      Lawful Permanent Resident;

(b)   Awarding Plaintiff's reasonable attorney's fees pursuant to 28 U.S.C.
      §2412 for failure of the Defendants to perform their duties within a
      reasonable amount of time; and

(c)   Granting such other relief at law and in equity as justice may so
      require.

Respectfully submitted,
SARWAR JUNAID
HUMA JUNAID
SADIA JUNAID


By: _____
     /s/Shannon M. Shepherd


AzulaySeiden Law Group
205 N. Michigan Avenue, 40th Floor
Chicago, IL 60601
312.832.9200

7

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:    United States Attorney                          Michael Chertoff
        Office of the General Counsel           U.S. Dept. of Homeland Security
        219 South Dearborn, 5th Floor          Washington, D.C. 20528
        Chicago, IL 60604
        **Via Certified Mail**                       **Via Certified Mail**

        Michael B. Mukasey                        Donald Ferguson
        U.S. Attorney General                     District Director
        950 Pennsylvania Avenue, NW            USCIS Chicago District Office
        Washington, D.D. 20530                   101 West Congress Pkwy
        **Via Certified Mail**                       Chicago, IL 60605
                                 **Via Certified Mail**

        PLEASE TAKE NOTICE that on February 25, 2008, Plaintiff filed with the District Court for the Northern District of Illinois, his Complaint for Writ of Mandamus, a copy of which is hereby served upon you as indicated above.

        The undersigned attorney certifies that she caused this Notice to be served upon the above addressees by certified mail by placing them in the mail receptacle located at 205 N. Michigan Avenue, Chicago, Illinois, 60601, proper postage prepaid, by 5:00 p.m. on February 25, 2008.

                               _____
                               /s/ Shannon M. Shepherd

AzulaySeiden Law Group
205 N. Michigan Avenue, 40th Floor
Chicago, IL 60601
312.832.9200